## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY ALLDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | |
| ) | **VERIFIED COMPLAINT** |
| WORLDWIDE RECOVERIES, LLC, ) | (**Unlawful Debt Collection Practices**) |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

JEFFREY ALLDAY (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against WORLDWIDE RECOVERIES, LLC (Defendant):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.  Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Slidell, Tammany Parish, Louisiana.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Santa Ana, California.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around July of 2011, Defendant began placing collection calls to Plaintiff seeking and demanding payment on an alleged debt owed on a Best Buy credit card.

11. Plaintiff receives calls from a Chris Tozer ("Tozer") at 714-380-5877 in reference to account "987979."

12. Defendant placed the initial collection calls directly to Plaintiff's employer.

13. When Plaintiff finally managed to contact Defendant, Plaintiff gave Tozer his cell phone number, and informed Tozer that he may not receive such calls at work, and that further calls cease.

14. Soon thereafter, Tozer continued to call Plaintiff's place of employment, leaving messages with various supervisors and other employees that, if he does not return the calls, the police would get involved and Plaintiff would be arrested at work.

15. Defendant has disclosed details about the amount and nature of the alleged debt to Plaintiff's supervisor at work, one Bob Young.

16. Defendant has told Plaintiff that he will be contacting Plaintiff's employer directly for payment arrangements to be made.

17. Despite the foregoing, Defendant's representative Tozer has continued to call Plaintiff's place of employment, repeatedly revealed financial information to third parties, and frequently used obscenities and vulgar language with Plaintifff's employers and co-workers in attempts to secure payment on the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by communicating with the consumer at the consumer's place of employment knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication;

   b. Defendant violated §1692c(b) of the FDCPA by communicating with third parties, without prior consent of the consumer, in connection with the collection of any debt;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   d. Defendant violated §1692d(2) of the FDCPA by using obscene or profane language the natural consequence of which is to abuse the hearer or reader;

   e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number; and

   f. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken.

WHEREFORE, Plaintiff, JEFFREY ALLDAY, respectfully requests judgment be entered against Defendant, WORLDWIDE RECOVERIES, LLC, for the following:

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

21. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ Kelli Denise Mayon
Kelli Denise Mayon
4712 Purdue Drive
Metairie, LA 70003
(504) 401-0533
kellimayon@gmail.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA )
)
COUNTY OF ST TAMMANY )

Plaintiff, JEFFREY ALLDAY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JEFFREY ALLDAY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____8/30/11_____                              _____/s/ Jeffrey Allday_____
         Date                                              JEFFREY ALLDAY